**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

**BILLY CASE,** individually, and on behalf of others similarly situated,

Plaintiff,

vs.

**CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.,**

Defendant.

Case No.:

Hon.:

Mag.:

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Billy Case ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, hereby brings this Collective Complaint against Defendant Clean Harbors Environmental Services, Inc. ("Defendant") to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*.. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendant's annual sales exceed $500,000 and it has more than two employees, therefore the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. This Court has personal jurisdiction over Defendant because Defendant conducts business within the State of Massachusetts, employs thousands of individuals within the State of Massachusetts, is registered with the Massachusetts Secretary of State, and maintains its principal place of business in the State of Massachusetts.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this District.

**PARTIES**

6. Plaintiff is an adult resident of Columbus, Ohio and was employed by Defendant from approximately March 2023 through February 2026. Plaintiff's consent to join form is attached as **Exhibit A**.

7. Additional putative Collective and Class members were or are employed by Defendant as hourly employees ("Hourly Employees") during the past three (3) years and their consent to join forms will also be filed in this case.

8. Defendant holds itself out as an "North America's leading provider of environmental and industrial services," providing "a broad range of services such as end-to-end hazardous waste management, emergency spill response, industrial cleaning and maintenance, and recycling services."[1]

9. Defendant's principal place of business is in Norwell, Massachusetts, and it

[1] *See* https://www.cleanharbors.com/about-us (last visited Apr. 14, 2026).

employs thousands of Hourly Employees in multiple locations in numerous U.S. states.

10. Defendant is engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. §§ 203(r)(1) and 203(s)(1), and is therefore subject to the provisions of 29 U.S.C. §§ 201, *et seq.*

11. Defendant's registered agent for purposes of service is CT Corporation Service System, 155 Federal Street, Suite 700, Boston, Massachusetts, 02110.

**FACTUAL BACKGROUND**

12. Plaintiff worked for Defendant as a non-exempt, Hourly Employee with the job title Environmental Tech and DQ (Driver Qualification) Driver. During his employment, Plaintiff worked at Defendant's facility in Kalkaska, Michigan.

13. Defendant paid its Hourly Employees at varying hourly rates.

14. Plaintiff's most recent base hourly rate of pay was $28.31.

15. In addition to the base rate of pay, Defendant incorporated various types of routine and non-discretionary pay into its compensation structure, including, but not limited to prevailing wage pay.

16. Throughout Plaintiff's employment with Defendant, he and Defendant's Hourly Employees earned prevailing wage pay and other non-discretionary remuneration.

17. Throughout Plaintiff's employment with Defendant, Defendant failed to properly calculate Plaintiff's prevailing wage pay and other non-discretionary remuneration into the regular rate for proper overtime calculation.

18. As non-exempt employees, Defendant's Hourly Employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

**The Regular Rate of Pay**

19. Under the FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. § 778.108.

20. No matter how an employee is paid—whether by the hour, by the piece, on commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. § 778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id.*

21. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendant carries the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendant's Hourly Employees for work performed are included in the base calculation unless specifically excluded by statute.

22. Defendant's prevailing wage pay and other non-discretionary remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

23. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be

expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

24. Plaintiff's "total remuneration" included not only his base hourly pay, but also any prevailing wage pay and other non-discretionary remuneration. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. § 778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work.").

25. However, Defendant failed to incorporate prevailing wage pay and other non-discretionary remuneration into its Hourly Employees' regular hourly rate calculation, resulting in *prima facie* violations of the FLSA.

26. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and all other Hourly Employees were entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

27. Plaintiff and all other Hourly Employees regularly worked in excess of forty (40) hours a week and were paid some overtime for those hours but at a rate that did not include Defendant's prevailing wage pay and other non-discretionary remuneration as required by the FLSA.

28. For example, Plaintiff's Pay Statement for the pay period September 29, 2025,

through October 5, 2025, shows 65 hours of work, a base hourly rate of $28.13, an overtime rate of 42.1952 (1.5 times the base rate), and gross earnings of $3,769.63, inclusive of $193.05 in prevailing wage pay. The overtime rate did not accurately account for the prevailing wage pay and, therefore, Defendant violated the FLSA.

29. Defendant paid Plaintiff, and all other Hourly Employees, additional non-discretionary remuneration that Defendant failed to include in the regular rate calculation.

30. To the extent that any of Defendant's premium compensation paid to Plaintiff and all other Hourly Employees, could be qualified and applied as a credit under 29 U.S.C. § 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

31. In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (FLSA), 1985 WL 304329 at *3 (1985).

32. As a result of its *prima facie* FLSA violations, Defendant is liable to Plaintiff and all other Hourly Employees for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

**<u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>**

33. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendant's current and former Hourly Employees who work or have worked for Defendant in the United States at any time in the past three (3) years.

34. Plaintiff and putative Collective members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and received prevailing wage pay and other non-discretionary remuneration, but such pay was not calculated as part of their regular rate as required by the FLSA.

35. Upon information and belief, Defendant utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner, regardless of job title or the location at which the Hourly Employee worked.

36. Resolution of this action requires inquiry into common facts.

37. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516, *et seq*.

38. Court-authorized notice pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means, including text message and email, and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

39. Upon information and belief, there are thousands of similarly situated current and former employees of Defendant who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

**COUNT I**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, *et seq.* – FAILURE TO PAY OVERTIME**

40. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully restated herein.

41. Defendant is an employer within the meaning of 29 U.S.C § 203(d).

42. Plaintiff was an employee within the meaning of 29 U.S.C § 203(e).

43. The FLSA and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendant's prevailing wage pay and other non-discretionary remuneration do not fall into any of those exceptions.

44. Defendant failed to include prevailing wage pay and other non-discretionary remuneration into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendant's Hourly Employees were working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

45. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

46. As a result of Defendant's willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1) and 215(a), and 29 C.F.R. § 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their backpay. As a result of Defendant's FLSA violations, Plaintiff

and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA, 29 U.S.C. § 211(c).

48. Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests the following relief:

a. An Order designating this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an Order compelling Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, phone numbers, and email addresses of all proposed FLSA Collective members, and authorizing Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

b. An Order designating Plaintiff as representative of the FLSA Collective, and the undersigned as counsel for the same;

c. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

d. An Order declaring Defendant violated the FLSA and the Department of Labor's attendant regulations as cited herein;

e. An Order declaring Defendant's violations of the FLSA were willful;

f. An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of damages and liquidated damages available by law;

g. An award of pre-judgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

i. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand a trial by jury on all issues in this Complaint that are so triable as a matter of right.

Date: April 28, 2026

Respectfully submitted,

*/s/ Benjamin K. Steffans*
Benjamin Knox Steffans (BBO# 568535)
**Steffans Legal PLLC**
180 Elm Street, Suite I, Box 183
Pittsfield, MA 01201
(413) 418-4176
bsteffans@steffanslegal.com

**KEVIN J. STOOPS (P64371)****
**Sommers Schwartz, P.C.**
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300

*Attorneys for Plaintiff and the Putative Collective and Class*
***pro hac vice forthcoming*